The question in this case is, whether the loss sustained by the plaintiffs by the burning of their property, under the circumstances of this case, was a loss occasioned by the explosion of a steam boiler. If it was, the defendants have expressly stipulated that they shall not be charged with it.
Several interpretations of the clause in question offer themselves for consideration. In the first place, it may be that the clause was introduced to exclude the mere injury by explosion without fire, and that although such an injury is not by law to be borne by an insurer against fire, yet that the insurers thought it wise to guard against the possibility of its being considered a loss by fire. That such a loss has been sought to be recovered as a loss by fire, though unsuccessfully, (Millandon
v. New Orleans Insurance Co., 4 Lou'a R. 15,) and that the clause in question immediately follows a stipulation in respect to liability for property burnt by lightning, which undeniably is merely a statement of the exact measure of the liability which the law imposes in the absence of any stipulation, are grounds for taking the view suggested of the clause in question.
Another interpretation suggested applies the exception to damage produced by explosion, when the explosion is caused by a fire which itself comes within the perils insured against: as in case a fire should occur in the engine room and its heat should cause the boiler to explode. Upon the interpretation suggested, the damage occasioned by the explosion would not be recoverable against the company. Still another interpretation applies the exception to any loss by fire occasioned by the explosion, and so exempts the company from responsibility for the loss in this case. This interpretation was adopted by the superior court, upon the ground that every stipulation in a contract should be so expounded as to give it some operation, and that this clause could *Page 522 
have none unless it was so construed. Though the principle of exposition on which that court proceeded is sound, we have already seen that the clause is capable of meaning, without recourse to the particular interpretation put upon it in that court. Neither of these proposed interpretations is entirely satisfactory. The general peril against which the defendants undertook to indemnify the plaintiffs was "immediate loss or damage by fire." That was the subject matter, and the only one about which the contract was made. All the defendants' relations with the plaintiffs grow out of that one subject matter; and any qualifications of their liability, contained in the contract, presumptively relate to the indemnity which they have contracted to afford to the plaintiffs, and to cases which but for those qualifications would or might be covered by the contract for indemnity. The language used, construing it with reference to the subject matter, is equivalent to a declaration on the part of the insurers that they are not to be held responsible for any loss, whether it comes within the general peril of fire or not, and without undertaking to consider whether it does or not, if such loss happen to be occasioned by the explosion of a steam boiler. This is, I think, the fair sense of the language employed. The prominent intention is to exclude the risk from the explosion of steam boilers — not the risk merely of the exploding force, but all risk. That peril the insured were content to bear. Among the risks consequent upon an explosion, the most prominent, next to the direct destruction by the explosive force, is the hazard from the fire of the furnaces and other fires in the building being thrown about among combustible matter. So patent is it, that no one can contemplate the event of an explosion, without recognizing this risk as one of the most obvious and important hazards attending upon such an event. Only one casualty happened to the premises and occasioned the destruction of property which the defendants are called upon to answer for. That was the explosion of the boiler. The burning was the direct and natural consequence of the explosion of the boiler, although it did not necessarily follow that fire would take place. It was as direct *Page 523 
a consequence as the falling of the walls would have been in case the explosion had broken but a single timber, and the walls had not fallen for some hours. In such a case it might be argued that the explosion broke but one timber, which brought too great weight upon some other, which giving way produced the catastrophe, and that therefore the fall of the whole was not a direct consequence of the explosion. The answer in both cases is, that the resulting destruction followed from the original casualty, without the intervention of any new cause, and followed from the nature and condition of the subject at the time of the casualty. The breaking of the beam in the supposed case, and the scattering of the coals from the stoves in the actual case, are the direct and immediate consequences of the explosion of the boiler; the fall and the fire are the natural consequences, due to no new casualty, but resulting from obvious natural forces, operating under the circumstances produced by the original exploding force. The whole loss in both cases is the immediate consequence of the explosion of the boiler. It was urged upon the argument that as fire was the actual means of destruction of the property in question, the court could not look back beyond the fire, upon the familiar principle, "causa proxima non remotaspectatur." It is undoubtedly true, that if the policy contained no exception, this loss would clearly have been a loss by fire. There would be no occasion to consider how the fire happened, the parties not having contracted for indemnity against fire occurring only in particular ways, but generally against fire. The existence of the exception renders the enquiry necessary to enable us to say whether the loss is within its terms, and the meaning of those terms we have already considered. It was also argued, that if the parties had intended to except loss by fire, occasioned by the explosion of a steam boiler, those words should have been used; but that would have narrowed the exception to losses by fire only, whereas the language now used is broad enough to cover all losses occasioned whether by fire or explosive force, or in any other way in which losses by the excepted peril could be produced. The judgment should be affirmed. *Page 524